IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNEST COLLINS, | No. C 10-4679 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| UNITED STATES PAROLE COMMISSION, et al., | |
| Respondents. | |

### INTRODUCTION

Petitioner, an inmate in federal custody currently housed at the Alameda County Jail, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is in custody pursuant to a "violator warrant" issued by the United States Parole Commission, and he seeks release from custody in his petition. He has paid the filing fee.

### STATEMENT

According to the petition, petitioner was convicted in federal court of multiple counts of bank robbery in 1984, and sentenced to a total term of eighty years in prison. Because he was sentenced before the federal sentencing guidelines existed, he is subject to the federal parole system or to the transitional provisions. Petitioner was released from prison in 2005. In 2009 he was taken into federal custody by the United States Marshal on a "violator warrant" from the United States Parole Commission. He was subsequently released in January 2010. On July 22, 2010, he was arrested again via a parole violator warrant because he failed to attend a parole meeting, and he remains in custody based upon that arrest.

## ANALYSIS

In this petition, petitioner challenges the original sentence imposed upon him, which included the parole term that caused his current incarceration. Thomas contends that his receiving consecutive sentences violates his constitutional rights as well as the applicable federal criminal statutes (Pet. 2-4).

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to Section 2255 in the court which imposed the sentence. *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.). A prisoner may not attack collaterally a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to Section 2241. *Grady v. United States*, 929 F.2d 468, 470 (9th Cir. 1991) (challenge to sentence following probation or parole revocation must be brought in sentencing court via Section 2255 motion). Petitioner's claims pertain to the sentence originally imposed in 1984 rather than the execution of the sentence. The claims therefore must be brought under Section 2255 rather than Section 2241.

## CONCLUSION

This case is **DISMISSED** without prejudice to petitioner refiling it as a motion under 28 U.S.C. Section 2255. If petitioner has previously challenged his sentence in motion under Section 2255, then he must first obtain from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the motion before he files a new Section 2255 motion in this court. *See* 28 U.S.C. 2255(h).

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October  28 , 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\COLLINS4679.DSM.wpd